UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| PEDRO PERALEZ, | ) No. ED CV 12-00358-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether there is an inconsistency between the Dictionary of

Occupational Titles ("DOT") and the Administrative Law Judge's ("ALJ") holding that Plaintiff can perform jobs such as hand packer, dishwasher, and food preparer. (JS at 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THERE IS NO DOT INCONSISTENCY BETWEEN THE ALJ'S IDENTIFICATION OF JOBS AND PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY**

Plaintiff contends that there is a DOT inconsistency in the ALJ's determination of jobs that he can perform, as identified at Step Five of the sequential evaluation process, and Plaintiff's residual functional capacity ("RFC"). Notably, Plaintiff does not disagree with the ALJ's assessment of his RFC, but rather, with the application of that RFC to jobs identified at Step Five.

Based on testimony from a vocational expert ("VE"), the ALJ determined that Plaintiff can perform the jobs of hand packer, dishwasher, and food preparer. (AR 20-21.)

As determined by his RFC, Plaintiff can perform a limited range of medium exertional work, use a cane as necessary, occasionally climb stairs, but no climbing of ladders, working at heights, or balancing. Plaintiff cannot perform jobs requiring hypervigilance or jobs requiring fast-paced work "such as" assembly line work. (AR 13-14.)

Plaintiff extensively quotes from the language of the DOT as to each of the jobs, assesses his opinion as to their exertional requirements, and then concludes that he is not capable of performing

these jobs.

The Court first notes that the ALJ relied upon the testimony of the VE at the hearing. (AR 51-54.) Specifically, the ALJ affirmed that the VE is familiar with the DOT and the occupations identified therein. (AR 51.) The ALJ specifically required the VE to explain any testimony that he would provide which would not be in conformance with the DOT. (AR 52.) The ALJ then posed a hypothetical (Id.), with which Plaintiff does not disagree. Thereafter, the VE identified available jobs at Step Five, and Plaintiff, represented by counsel, neither objected to this testimony, or asked to do any cross-examination.

Plaintiff first asserts that the identified job of hand packer requires balancing or fast-paced work such as assembly line work from which he is precluded. As the Commissioner notes, the ALJ did not preclude Plaintiff from performing any assembly line work, but only fast-paced work. Assembly line work is only one example of what might be considered fast-paced work. Moreover, the DOT description of this job does not indicate that it requires assembly line work. Even if the job of hand packer might incorporate some assembly line work, this does not necessarily translate into the type of fast-paced work from which Plaintiff is precluded. Plaintiff also contends that because he is precluded from balancing, the hand packer job is unavailable because it requires occasional balancing. But the ALJ was entitled to rely upon the testimony and expertise of the VE in this regard. An ALJ may take administrative notice of reliable job information, including that provided by a VE. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). Here, the testimony of the VE and the job requirements set out in the DOT were not inconsistent with each other. See DOT 920.587-018.

1    With regard to the second job identified, that of dishwasher
2 (kitchen helper), the Court again concludes that the VE's testimony
3 was not inconsistent with the requirements of the DOT.  See DOT
4 318.687-010.  Plaintiff again contends that this job requires fast-
5 paced work, but the fact is that even if this job could be considered
6 assembly line work, it would not necessarily entail fast-paced work.
7 Similarly, Plaintiff's claim that because he may occasionally be
8 required to use a cane he cannot perform this job is not well founded
9 because there is no indication in the DOT requirement of this job that
10 both hands are required.  Not all of the requirements of the job would
11 require bilateral functions.
12   Finally, as to the job of food preparer (DOT 311.472-010), while
13 this would require that Plaintiff serve customers and deal with
14 people, and thus there would be public contact in contravention of the
15 RFC requirement of no public contact, still, at Step Five, the ALJ met
16 his burden by identifying two jobs (hand packager and dishwasher)
17 which exist in significant numbers in the national economy.  Any error
18 in identifying the third job (food preparer) is considered harmless.
19 See Carmickle v. Commissioner of Soc. Sec. Admin.. 533 F.3d 1155, 1162
20 (9th Cir. 2008).
21   For the foregoing reasons, the Court concludes that the ALJ
22 properly identified a sufficient number of jobs at Step Five of the
23 sequential evaluation process, and that the jobs identified did not
24 conflict with the requirements of the DOT, insofar as they might
25 exceed Plaintiff's RFC.  Thus, the Court rejects Plaintiff's issue.
26 //
27 //
28 //

The decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**


DATED: January 3, 2013                      /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE